IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL O. THORNBURGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 16-03026-CV-S-ODS |
| | ) | Crim. No. 04-3064-01-CR-S-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>ORDER AND OPINION (1) DENYING MOTION TO CORRECT SENTENCE UNDER 28
U.S.C. § 2255, AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>

Pending is Petitioner Carl Thornburgh's ("Petitioner") Motion to Correct Sentence under 28 U.S.C. § 2255. Doc #5. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government contends Petitioner's sentence is still proper under other provisions of the ACCA. Doc. #12. For the reasons set forth below, the Court denies Petitioner's motion and declines to issue a Certificate of Appealability.

## I. BACKGROUND

On November 23, 2004, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possession of marijuana in violation of 21 U.S.C. § 844(a). Ordinarily, the offense of being a felon in possession of a firearm carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had three qualifying prior convictions of burglary in the second degree in violation of section 569.170 of the Missouri Revised Statutes that triggered a minimum sentence of fifteen years under the ACCA's "violent felony" provision.[1] On August 11, 2005, Petitioner was sentenced to 180 months' imprisonment and five years of supervised release. On appeal, the Eighth Circuit upheld this Court's conclusion that Petitioner was an armed career criminal. *United States v. Thornburgh*, 185 F. App'x 548, 549 (8th Cir. 2006).

## II. DISCUSSION

Petitioner's motion is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

### A.

The Government first argues Petitioner's claim is procedurally barred because his unsuccessful direct appeal forecloses this section 2255 action. "It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). On appeal, the Eighth Circuit found Petitioner's three burglary convictions involved unlawful entry into a building, and this Court did not commit error in classifying two convictions as violent felonies even though the burglaries involved commercial buildings and no actual or potential violence. *Thornburgh*, 185 F. App'x at 548. The Eighth Circuit did not resolve the issue of which ACCA clause, the enumerated offenses or the residual clause, operated to qualify Petitioner's three burglaries for a sentencing enhancement as an armed career criminal. In light of *Johnson*, the issue in Petitioner's current motion is whether Petitioner's three second degree burglary convictions qualify as violent felonies under the enumerated offenses clause that remains constitutional. The Court finds Petitioner's latest claim is not procedurally barred by his unsuccessful direct appeal.

### B.

Petitioner concedes two of his three burglary convictions qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner asserts the third burglary conviction was of an

---

[1] The PSR is Document 39 in the criminal case, 6:04-cr-03064-ODS-1. The relevant paragraph is number 38.

inhabitable structure and does not qualify as an enumerated offense in section 924(e)(2)(B)(ii). The Eighth Circuit has repeatedly held Missouri's second degree burglary statute has the same basic elements as the generic burglary offense, and thus, qualifies as a predicate felony, regardless of the type of structure entered by the defendant, under the enumerated offenses clause of section 924(e)(2)(B)(ii). *See e.g.*, *United States v. Phillips*, 817 F.3d 657, 569–70 (8th Cir. 2016); *United States v. Sykes*, 809 F.3d 435, 439 (8th Cir. 2016); *United States v. Olsson*, 742 F.3d 855, 856 (8th Cir.), *cert denied*, 135 S. Ct. 158 (2014). Given the Eighth Circuit's precedent, Petitioner's three prior convictions for second degree burglary in Missouri, whether of a building or an inhabitable structure, qualify as predicate felonies under section 924(e)(2)(B)(ii). Thus, Petitioner still qualifies as an armed career criminal post-*Johnson*, and his motion to correct sentence under section 2255 is denied.

## C.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In light of *Olsson* and *Phillips*, there is no dispute that Petitioner has three qualifying convictions under section 924(e)(2)(B)(ii), and thus, qualifies as an armed career criminal. There is no basis for debate or disagreement among jurists, and further proceedings are not warranted.

## III. CONCLUSION

Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 is denied. The Court also declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 14, 2016                     UNITED STATES DISTRICT COURT